UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILDLANDS; BUD LILLY; MONTANA ENVIRONMENTAL INFORMATION CENTER; WESTERN WATERSHEDS PROJECT; CLEARWATER BIODIVERSITY PROJECT,<br><br>   Plaintiffs,<br> v.<br><br>GALE NORTON, in her official capacity as Secretary of the Interior; MATTHEW HOGAN, in his official capacity as Acting Director of the United States Fish and Wildlife Service,<br><br>   Defendants. | Civ. No. 05-1043 (EGS) |

## ANSWER

Defendants Gale Norton, in her official capacity as Secretary of the Department of the Interior, and Matthew Hogan, in his official capacity as Acting Director of the United States Fish and Wildlife Service (collectively "Defendants" or "FWS"), by and through counsel, hereby answers Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") by responding to the corresponding numbered paragraphs of the Complaint as follows:

1. Defendants deny the allegations in the first sentence of paragraph 1. Due to vagueness and ambiguity, Defendants are unable to form an opinion as to the truth of the allegations in the second sentence of paragraph 1, and on that basis deny them. The allegations in the third sentence of paragraph 1 are conclusions of law to which no response is required.

2.	The allegations in the first and second sentences of paragraph 2 purport to characterize a Federal Register Notice, 68 Fed. Reg. 46,989 (Aug. 7, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Federal Register Notice are denied. The allegations in the third sentence of paragraph 2 are conclusions of law to which no response is required. The allegations in the fourth sentence of paragraph 2 are Plaintiffs' requests for relief, to which no response is required.

3.	Plaintiffs did not include a paragraph 3 in the Complaint.

4.	The allegations in paragraph 4 are conclusions of law to which no response is required.

5.	In response to the first sentence of paragraph 5, Defendants admit that American Wildlands sent a letter to Gale Norton, Steven Williams, and Lynn Kaeding on October 25, 2004, purporting to give notice of a lawsuit. The remaining allegations of the first, second, and third sentences of paragraph 5 are conclusions of law to which no response is required and purport to characterize the letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the letter's plain meaning and context are denied.

6.	The allegations in paragraph 6 are conclusions of law to which no response is required.

7-12.	Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 7 through 12, and therefore deny them.

13.	Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny them. The allegations in paragraph 13 are also conclusions of law to which no response is required.

14. Defendants admit the allegations in the first sentence of paragraph 14. In response to the second sentence of paragraph 14, Defendants admit that the Secretary of the Interior is responsible for making listing determinations for various fish species, such as the westslope cutthroat trout. Defendants admit the allegations in the third sentence of paragraph 14.

15. Defendants admit the allegations in the first sentence of paragraph 15. In response to the second sentence of paragraph 15, Defendants admit that FWS is responsible for making listing determinations for various fish species, such as the westslope cutthroat trout. Defendants admit the allegations in the third sentence of paragraph 15.

16-19. The allegations in paragraph 16 through 19 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning and context are denied.

20. Defendants are unable to form an opinion as to the truth of the allegations in paragraph 20, and on that basis deny them.

21. Defendants admit the allegations in the first sentence of paragraph 21. In response to the allegations in the second sentence of paragraph 21, Defendants admit that the westslope cutthroat trout can have an olive to black olive back, metallic silvery sides, a rosy underside and a scattered distribution of small black spots that becomes more dense near the tail. Defendants admit the allegations in the third sentence of paragraph 21.

22. Defendants admit the allegations in the first sentence of paragraph 22. Defendants are unable to form an opinion as to the truth of the allegations in the second sentence of paragraph 22, and on that basis deny them. Defendants admit the allegations in the third and fourth sentences of paragraph 22.

23. Defendants deny the allegations in the first sentence of paragraph 23. Defendants are unable to form an opinion as to the truth of the allegations in the second sentence of paragraph 23, and on that basis deny them.

24. Defendants deny the allegations in paragraph 24 but aver that hybridization is currently a threat to some populations of westslope cutthroat trout.

25. The first sentence of paragraph 25 purports to characterize the Court's opinion, American Wildlands v. Norton, 193 F. Supp. 2d 244 (D.D.C. 2002), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning and context are denied. Defendants deny the allegations in the second sentence of paragraph 25 and aver that hybridization is currently a threat to some populations of westslope cutthroat trout.

26. Defendants are unable to form an opinion as to the truth of the allegations in the first and fifth sentences of paragraph 26, and on that basis deny them. Defendants deny the allegations in the second, third, and fourth sentences of paragraph 26.

27. Defendants are unable to form an opinion as to the truth of the allegations in the first part of the first sentence of paragraph 27, and on that basis deny them. The remainder of the first sentence of paragraph 27 purports to characterize a Federal Register Notice, 68 Fed. Reg. 46,989 (Aug. 7, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Federal Register Notice are denied. Defendants are unable to form an opinion as to the truth of the allegations in the second sentence of paragraph 27, and on that basis deny them. Due to vagueness and ambiguity, Defendants are unable to form an opinion as to the truth of the allegations in the third, fourth, and fifth sentences of paragraph 27, and on that basis deny them.

28.     Defendants are unable to form an opinion as to the truth of the allegations in the first sentence of paragraph 28, and on that basis deny them. Defendants deny the remaining allegations in paragraph 28.

29.     Defendants admit the allegations in the first sentence of paragraph 29. The second sentence of paragraph 29 purports to characterize the Complaint filed in <u>American Wildlands et al. v. Babbitt, et al.</u>, Civ. No. 98-cv-00669-HHK (Dkt. # 1) (filed Mar. 17, 1998), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Complaint are denied. The third sentence of paragraph 29 purports to characterize the "agreement" and 63 Fed. Reg. 31,691 (June 10, 1998), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning and context of the documents are denied.

30.     The first sentence of paragraph 30 purports to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the ESA are denied. Defendants admit the allegations in the second sentence of paragraph 30. The third sentence of paragraph 30 purports to characterize the Complaint filed in <u>American Wildlands, et al. V. Babbitt, et al.</u>, Civ. No. 99-cv-2090-EGS (Dkt. # 1) (filed Aug. 5, 2005), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Complaint are denied. The fourth sentence of paragraph 30 purports to characterize the settlement agreement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the agreement are denied.

31.     The allegations of paragraph 31 purport to characterize 65 Fed. Reg. 20,120 (Apr. 14, 2000), which speaks for itself and is the best evidence of its contents. Any allegations contrary

to the plain meaning and context of the Federal Register notice are denied. To the extent a further response is required, Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in the first sentence of paragraph 1 and aver that the American Wildlands et al., filed a Complaint in American Wildlands, et al. v. Norton, et al., Civ. No. 00-cv-2521-EGS, on October 23, 2000 (Dkt. 1). The remaining allegations of paragraph 32 purport to characterize American Wildlands v. Norton, 193 F. Supp. 2d 244 (D.D.C. 2002), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Opinion are denied.

33. The allegations of paragraph 33 purport to characterize American Wildlands v. Norton, 193 F. Supp. 2d 244 (D.D.C. 2002), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Opinion are denied.

34. Defendants admit the allegations in the first sentence of paragraph 34. The second sentence of paragraph 34 purports to characterize 68 Fed. Reg. 46,989 (Aug. 7, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Federal Register Notice are denied.

35-37. The allegations of paragraphs 35-37 purport to characterize 68 Fed. Reg. 46,989 (Aug. 7, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Federal Register Notice are denied.

38. Defendants deny the allegations in paragraph 38.

39. Due to vagueness and ambiguity, Defendants are unable to form an opinion as to the truth of the allegations of paragraph 39, and on that basis deny them.

40. The allegations of paragraphs 40 purport to characterize 68 Fed. Reg. 46,989 (Aug.

7, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Federal Register Notice are denied. To the extent a further response is required, Defendants deny the allegations.

41.  The responses to paragraphs 1 through 40 are incorporated here by reference.

42.  The allegations of paragraph 42 constitute conclusions of law to which no response is required.

43.  The allegations of the first sentence of paragraph 43 purport to characterize 68 Fed. Reg. 46,989 (Aug. 7, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Federal Register Notice are denied. The allegations in the second sentence of paragraph 43 are conclusions of law to which no response is required.

44 [misnumbered 41].  In response to the second paragraph 41 in Plaintiffs' Complaint, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 40.

45 [misnumbered 42].  The allegations of the first sentence of the paragraph 42 (the second paragraph 42 in Plaintiffs' Complaint) purport to characterize 68 Fed. Reg. 46,989 (Aug. 7, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of the Federal Register Notice are denied. The allegations in the second sentence of paragraph 42 are conclusions of law to which no response is required.

**PRAYER FOR RELIEF**

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent further response is required, Defendants deny that Plaintiffs are entitled to relief requested or any relief whatsoever.

**GENERAL DENIAL**

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

Dated: September 9, 2005           Respectfully Submitted,

KELLY A. JOHNSON, Acting Asst. Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Asst. Section Chief

_____/s/ Michael R. Eitel_____
MICHAEL R. EITEL, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0339/ Fax: (202) 305-0275
Email: Michael.Eitel@usdoj.gov

Attorneys for Federal Defendants