UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN WILDLANDS, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GALE NORTON, in her official capacity )<br>as Secretary, U.S. Department of the Interior, )<br>et al., )<br>)<br>Defendants. )<br> | Civil No.: 05-cv-1043<br><br>**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.3** |

Pursuant to Local Rule 16.3, the parties hereby submit the following statement of agreements reached as to how this case should proceed. Each party is also filing concurrently a proposed scheduling order.

**STATEMENT OF THE CASE**

Plaintiffs challenge federal defendants' determination that listing the westslope cutthroat trout ("WCT") as a threatened species is not warranted under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq. Specifically, plaintiffs allege that: (1) the U.S. Fish and Wildlife Service ("FWS") failed to assess the threat posed by hybridization based on the best available scientific data; and (2) that FWS failed to make a reasoned determination whether any of the ESA's listing factors warrants listing in light of the current extent of hybridization among WCT populations.

Federal defendants assert that FWS' determination that listing the westslope cutthroat trout as an endangered or threatened species under the ESA is not warranted fully complies the ESA, the Service's implementing regulations, and applicable law.

Plaintiffs initiated this action by filing a complaint for declaratory and injunctive relief on May 21, 2005. Defendants filed an answer on September 9, 2005. The Court has scheduled an initial status hearing for 11:30 a.m. on December 1, 2005.

## STATEMENT OF AGREEMENTS REACHED

On October 13, 2005, counsel for Plaintiffs American Wildlands, et al. and counsel for defendants Gale Norton, et al. conferred by telephone to discuss the 14 matters set forth in Local Civil Rule 16.3(c). The parties agreed that:

(1) This case is likely to be disposed of by dispositive motion. No such motion has been filed yet.

(2) All necessary parties have been joined, and no amendment of the pleadings is anticipated. Because this is an administrative-record case, subject to review under the Administrative Procedure Act, 5 U.S.C. § 706, narrowing of the factual and legal issues is unnecessary.

(3) The case should not be assigned to a magistrate judge.

(4) There is no realistic possibility of settling this case.

(5) Counsel have discussed the Court's alternative dispute resolution ("ADR") procedures with their respective clients and have concluded that the case would not benefit from ADR.

(6) The case can be resolved by summary judgment. The parties propose the following schedule:

   (a) Defendants' deadline for filing the administrative record — December 1, 2005

(b) Plaintiffs' deadline for filing a motion to supplement the administrative record — January 9, 2005.

(This deadline shall apply to any motions to supplement the administrative record, including motions to supplement the record with post-decisional documents, expert or factual declarations, or any other materials not contained in the administrative record filed by FWS on December 1, 2005.)

(c) Defendants' deadline for filing a response in opposition to a motion to supplement the administrative record — January 23, 2005

(d) Plaintiffs' deadline for filing a reply in support of a motion to supplement the administrative record — January 30, 2005

(e) The parties respectfully request a date of March 1, 2005, for a decision on the motion to supplement the administrative record.

(f) Plaintiffs' deadline for filing a motion for summary judgment and supporting memorandum — March 6, 2005

(g) Defendants' deadline for filing an opposition and cross-motion for summary judgment with supporting memorandum — April 6, 2005

(h) Plaintiffs' deadline for filing a reply and opposition memorandum — April 20, 2005

(i) Defendants' deadline for filing a reply — May 4, 2005

(j) Plaintiffs' proposed deadline for filing a sur-reply — May 16, 2005. (Because plaintiffs bear the burden of showing that the agency actions challenged in this case are arbitrary and capricious, they request that the

        briefing schedule provide for a brief sur-reply.  However, Defendants take the position that a sur-reply should be filed only with leave of the Court, and they expressly reserve the right to oppose the filing of a sur-reply.  Accordingly, defendants submit a proposed scheduling order that differs from Plaintiffs' proposed order in that it does not provide for a sur-reply.)

(7)    No discovery is required to resolve this case.  The Parties agree that this case is subject to review in accordance with the standard and scope of review prescribed by the Administrative Procedure Act, 5 U.S.C. § 706.  However, the parties reserve the right to engage in discovery in response to any filing, at any time, of any expert or factual declarations, affidavits, or other similar materials, or in the event that this case is not resolved on cross-motions for summary judgment.

(8)    No discovery is required to resolve this case.

(9)    No discovery is required to resolve this case.

(10)    Not applicable.

(11)    Not applicable.

(12)    Not applicable.

(13)    Not applicable.

(14)    As set forth in Part 6(a)-(e) above, the parties have identified various threshold issues regarding the appropriate contents of the administrative record.  In hopes of resolving these issues prior to the commencement of briefing on the merits, the parties have proposed a schedule to fully brief all issues pertaining to the sufficiency of the administrative record by January 30, 2005.

Respectfully submitted this 24th day of October, 2005,

/s Douglas L. Honnold (D.C. Bar # 468323)
Abigail M. Dillen
Earthjustice
209 South Willson Avenue
Bozeman, MT  59715
(406) 586-9699

*Counsel for Plaintiffs*


/s Michael R. Eitel
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7369
Washington, DC  20044-7369
(202) 305-0339

*Counsel for Defendants*