**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN WILDLANDS *et al.*, ) | ) |
| Plaintiffs, ) | ) Civil Action No. 05-1043 (EGS) |
| v. ) | ) |
| NORTON *et al.*, ) | ) |
| Defendants. ) | ) |

**O R D E R**

Plaintiffs commenced this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, to challenge the Fish and Wildlife Service's ("FWS") determination that the Westslope Cutthroat Trout ("WCT") need not be listed as a threatened species pursuant to the Endangered Species Act, 16 U.S.C. § 1533.

Pending before the Court is Plaintiffs' Motion for Leave to Supplement the Administrative Record. Plaintiffs seek to supplement the record with the following documents: (1) a letter from Fred W. Allendorf and Paul Spruell to Lynn Kaeding, dated November 30, 2003; (2) a letter from Nathaniel P. Hitt, Fred W. Allendorf, and Christopher A. Frissell to Lynn Kaeding, dated July 10, 2004; and (3) the 2003 Annual Report on Yellowstone Fisheries and Aquatic Sciences, published by the National Park Service in 2004. For the reasons stated herein, the motion is **DENIED**.

1

Under the APA, courts confine their review to the administrative record, which "includes all materials compiled by the agency that were before the agency at the time the decision was made." *James Madison, Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal quotation marks and citations omitted). There are, however, limited circumstances in which a court may consider materials in addition to the administrative record. In our Circuit, these exceptions arise when: (1) it appears the agency deliberately or negligently excluded documents adverse to its decision; (2) the materials provide background information in order to determine whether the agency considered all the relevant factors; (3) the agency has failed to explain its action so as to frustrate judicial review; and (4) there is a showing that the agency acted in bad faith. *See id.* (collecting cases). Plaintiffs contend that their proffered documents fall into the second exception.

The two proffered letters were written by scientists after the FWS announced its finding, and therefore could not have been considered by the agency at the time of its decision. *See Reconsidered Finding for an Amended Petition To List the Westslope Cutthroat Trout as Threatened Throughout Its Range*, 68 Fed. Reg. 46,989 (Aug. 7, 2003). The letters criticize the agency's interpretation of various scientific works, including those written by the scientists themselves. The letters argue

that the agency reached conclusions unsupported by the scientific record.

While Plaintiffs cast these letters as shedding light on factors not considered by the agency, that characterization is misleading. The letters discuss issues, such as how to define the WCT subspecies and the expected spread of hybridization, that were considered by the agency. *See id.* at 46,994-95, 47,004-05. Therefore, there is no basis to supplement the record with these documents. *See Carlton v. Babbitt*, 26 F. Supp. 2d 102, 107 (D.D.C. 1998) (declining to supplement the record because the agency considered the issue of "lag time").[1]

The last proffered document is a report published by the Park Service after the FWS's decision. While the report's underlying data may have been collected by a federal agency prior to the FWS's decision, the FWS does not have a duty to search the unpublished data of other agencies to find potentially relevant information. *See Linemaster Switch Corp. v. EPA*, 938 F.3d 1299, 1305-06 (D.C. Cir. 1991) (holding that EPA did not have a duty to

---

[1] The Court in *Carlton* did supplement the record with a different document, a scientist's declaration challenging the agency's use of his work, but did so because this declaration was available to the agency at the time of its decision. *See id.* at 108 (holding that the declaration "should have been considered in connection with this matter"). This Court has also supplemented a record with documents that help elucidate complex, scientific questions or models. *See Oceana, Inc. v. Evans*, 384 F. Supp. 2d 203, 218 n.17 (D.D.C. 2005); *Sw. Ctr. for Biological Diversity*, 2002 WL 1733618, at *7 (D.D.C. 2002). The letters in question here are cursory and do not provide that type of assistance.

search the files of its own regional offices). Nor does the report shed light on a factor not considered by the agency. *See Reconsidered WCT Finding*, 68 Fed. Reg. 46,989, 47,004-05 (discussing the extent and spread of hybridization). Therefore, there is no basis to supplement the record with this document. *See Carlton*, 26 F. Supp. 2d at 107.

Accordingly, Plaintiffs' motion is **DENIED**.

**SO ORDERED.**


**Signed:   Emmet G. Sullivan
           United States District Judge
           September 21, 2006**